Opinion of the court delivered by
Judge Catron.
The material facts in the sci. fa. are these: — Jameson sued Hawkins in the court below, and gave bond and security for the prosecution of the suitpursuant to the act of 1787, ch. 19, binding the security Thornton, that Jameson should prosecute his suit with effect, or, in case of failure, pay the costs.
Jameson recovered against Hawkins in the court below; from the judgment of that court, Hawkins as plaintiff in error, appealed to this court, where the judgment, upon the writ of error was reversed, and the cause remanded for a new trial below, where it may be yet pending for anything here appearing.
A fi. fa. was issued against Jameson, and no property found for the costs of this court upon the writ of error which were adjudged against Jameson. This sci. fa.-is *147 run against Thornton, the security for the prosecution of the suit below, to make him pay the costs of this court.
Did Thornton’s bond cover these costs? — this is the only question presented. '
What suit did he undertake should be effectually prosecuted by his principal Jameson? That commenced by capias ad respondendum-, before this process could issue, the clerk was required to take bond and security according to the statute.
Was the suit by writ of error within the contemplation of the legislature? clearly not; Hawkins, the defendant below, sued out his writ of error, and came here as plaintiff upon a new process, and was bound to give bond and security for its prosecution, 1794 ch. 1, sec. 60 — 1807, ch. 81, sec. 3 — 1809, ch. 49, sec, 26 — 1811, ch. 72, sec. 11,12.
Had Jameson failed below, and prosecuted his writ of ' error to this court, new process would have been prayed, and by the foregoing statutes and subsequent ones, he would have been bound to give new bond and security. In law, and in fact, a writ of error is a new suit, frequently prosecuted by different parties from those originally suing. Suppose A. as lessor, sues B. in ejectment, and fails in his action below, then his heirs come in and prosecute a writ of error, upon which new1 process much cost is incurred, and the cause again decided for the defendant B. The security has paid the first costs incurred: what lawyer ever imagined tliat the security for the prosecution of the capias was liable for these costs also? Such thing has never been thought of in Tennessee by the state judges and lawyers. The present scire facias is the first that has issued for costs adjudged upon the proceedings in error, from any state court within our knowledge, since this has been a government. Á judgment in a similar case for costs of the supreme court of the United States upon a writ of error, was given against the securities below, for the prosecution of the suit, at the last term of the federal circuit court, and which was paid by the securities. It was given by a highly respectable judge, but one little conversant with our local laws and modes *148 of practice, because he was from a sister state, and who, very naturally, in the hurry of business, fell into an error. The scire facias must be quashed.